UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 11824 PBS

| | |
|---|---|
| UNITED STATES LIABILITY ) <br> INSURANCE CO., INC., AS ) <br> INSURER OF ADMINASERVICE, ) <br> INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADVANTIUS, INC., NEAL ) <br> BERGSTROM, ROBERT ) <br> STEVENS, CHARLES CAMBRA, ) <br> III, JONATHAN K. DRIGGS, AND ) <br> WORKFORCE SOLUTIONS, INC., ) <br> ) <br> Defendants. ) <br> ) | COMPLAINT <br><br> RECEIPT # _____ <br> AMOUNT $ _____ <br> SUMMONS ISSUED _____ <br> LOCAL RULE 4.1 _____ <br> WAIVER FORM _____ <br> MCF ISSUED _____ <br> BY DPTY. CLK. _____ <br> DATE _____ |

COMES NOW, the plaintiff, United States Liability Insurance Co., Inc. and by and for its complaint against the defendants states as follows:

1. Plaintiff, United States Liability Insurance Co., Inc. ("USLI") is an insurance company with a principal place of business in Wayne, Pennsylvania. At all relevant times, USLI was the insurer of AdminaService, Inc., a Massachusetts corporation with a principal place of business in Norton, Massachusetts.

2. Defendant, Advantius, Inc. ("Advantius") is a Delaware Corporation with a principal place of business in Salt Lake City, Utah.

3. Defendant, Neal Bergstrom ("Bergstrom") is an individual with a last known residential address in Sandy, Utah. At all relevant times, Bergstrom was the Chief Executive Officer of Advantius.

4. Defendant, Robert Stevens ("Stevens") is an individual with a last known residential address in Salt Lake City, Utah. At all relevant times, Stevens was an officer and director of Advantius.

5. Defendant Charles Cambra, III ("Cambra") is an individual with a last known residential address in Salt Lake City, Utah. At all relevant times, Cambra was an officer and director of Advantius.

6. Defendant Jonathan K. Driggs, ("Driggs") is an individual with a last known residential address in Pleasant Grove, Utah. At all relevant times, Driggs was an officer and director of Advantius.

7. Defendant, Workforce Solutions, Inc. is a Delaware Corporation with a principal place of business in Salt Lake City, Utah.

8. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332, as the parties are residents of different states and the amount in dispute is in excess of $75,000.

9. This Court may exercise personal jurisdiction over the parties because the events which form the basis of the complaint occurred in Massachusetts.

10. Advantius promoted itself as a company that provided human resource outsourcing services to other companies. A company could hire Advantius to handle its payroll, employment taxes and administrative needs. Advantius purchased a license to the software needed to calculate the payroll taxes. Advantius then licensed use of the software to other companies.

11. In December 2001, David Fried ("Fried"), principal and president of Adminasource and Jeff Garr ("Garr") began to discuss the establishment of a New England company that would provide a full range of outsourced human resource services and management tools to other

companies.

12. Fried had established AdminaSource, Inc. in New Jersey, a company already providing services similar to Advantius. Fried represented to Garr that Advantius had given him an exclusive license to use the software that was necessary to calculate payroll taxes and the like. Fried told Garr that he should open an office in New England called AdminaSource of New England.

13. Garr incorporated AdminaSource of New England in March 2002 in Massachusetts.

14. AdminaService, Inc. ("AdminaService") is a successor in interest to Adminasource of New England, Inc. and provides human resource services to companies. Companies hire AdminaService to handle their payroll and benefits administration, to review employee manuals, to conduct training on employment issues or the like. At all relevant times, Garr has been the president of AdminaService.

15. Shortly thereafter, Advantius and AdminaService met in New York City. During that meeting Advantius represented to AdminaService that it had sufficient funding and that it could provide the services AdminService needed. It represented to AdminaService that it knew how to correctly calculate the taxes and forward them to the IRS and other taxing agencies in a timely manner and in a manner acceptable to the IRS.

16. During this time, Bergstrom and Stevens were repeatedly referred to as elders in the Mormon Church. Advantius represented that Bergstrom and Stevens were upstanding citizens to bolster the company's credibility.

17. As part of the services it was to provide, Advantius was to calculate the amount of federal employment taxes owed by AdminaService's clients, withdraw that money directly from the

account of AdminaService's client and then forward those sums to the Internal Revenue Service or state taxing authority. The number to be calculated had to be precise and paid on time. Otherwise, the taxing authority would charge AdminaService's clients penalties and late fees.

18. Advantius was never adequately funded. During its operation, the company, upon information and belief, did not follow corporate practices and procedures. Advantius did not use separate accounts for its operations and for holding funds in escrow for its clients.

19. Upon information and belief, Advantius regularly used funds taken from client's accounts to be paid to the IRS for its operating expenses.

20. Upon information and belief, Advantius created a type of ponzi scheme. It took funds from one client and instead of transferring said funds to the IRS, it used them for operating and personal expenses. Upon information and belief, Advantius, then took funds from other clients and used those funds to pay the first client's tax bill and so on.

21. Individual defendants, Bergstrom, Cambra, Stevens and Driggs, as officers and/or directors of Advantius are personally liable for the acts of Advantius.

22. On or about April 30, 2003 or May 1, 2003, Advantius withdrew funds from one of AdminaService's clients, Sapers & Wallack Insurance Company, Inc., purportedly to pay the federal employment taxes due by Sapers & Wallack to the Internal Revenue Service.

23. Instead of depositing those funds with the Internal Revenue Service, the Defendants diverted $648,497.73 in funds for their own use. Advantius secreted this knowledge and neither Sapers & Wallack, nor AdminaService knew that the funds were converted by Advantius.

24. In or about August 2003, the IRS seized various accounts of Advantius. At this time

Advantius notified AdminaService for the first time that it had not paid the $648,497.33 to the IRS on Sapers and Wallack's behalf.

25. The IRS looked to Sapers & Wallack to pay the $648,497.73 in taxes, plus interest and penalties.

26. Sapers & Wallack filed a claim against AdminaService based on the contract between them and sought to collect the money owed.

27. USLI defended AdminaService in the arbitration action before the American Arbitration Association known as Sapers & Wallack Insurance Co., Inc. v. AdminaService, Inc. d/b/a AdminaSource of New England, Inc., Arbitration No. 11 Y 145 02122 03.

28. In settlement of the arbitration, AdminaService paid the Internal Revenue Service in settlement of the debt owed by Sapers & Wallack, plus attorneys fees for Sapers & Wallack's and AdminaService's attorneys fees and costs.

29. USLI, as insurer, stands in the shoes of AdminaService to recover in this action.

30. Subsequent to these actions, upon information and belief, Advantius became part of Workforce Solutions, Inc. As part of the melding of these two entities, many of the employees who previously worked for Advantius now work for Workforce Solutions, Inc.

31. Upon information and belief, there has been an intermingling of these two entities and corporate formalities have not been properly followed and Workforce Solutions, Inc. is liable for the acts and omissions of Advantius.

32. Employees of Workforce Solutions, who previously worked for Advantius used e-mail address with the domain name of Advantius.

**COUNT I**

## CONVERSION

33. USLI repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 32 of this complaint.

34. At the time that the funds were converted, AdminaService had a right to the immediate possession of the funds.

35. The defendants took funds to which it had no rightful possession and exercised dominion of the funds which was inconsistent with the plaintiff's rights.

36. As a result of the conversion of these funds, AdminaService was damaged and as its insurer, USLI has been damaged in the amount of not less than $781,500.00.

## COUNT II
## FRAUD

37. USLI repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 36 of this complaint.

38. Prior to entering into their relationship, Advantius assured AdminaService that it was well funded and capable of handling the payroll processing. In particular, in New York City in early 2003, Advantius made numerous misrepresentations about itself during its conversations with AdminaService and through the literature and other materials provided to AdminaService.

39. Bergstrom and Stevens told AdminaService that it could not obtain insurance or bonding because it was a new company. Bergstrom and Stevens also told AdminaService that they would never steal the funds they were withdrawing because they would go to jail.

40. Based on those representations, AdminaService entered into a business relationship with Advantius.

41. During the course of their relationship, the defendants made further misrepresentations by covering and correcting other miscalculations and missed payments. Upon information and belief, the defendants engaged in a "ponzi" like scheme; the defendants used money belonging to one client to pay the taxes of another.

42. The defendants lied to AdminaService on numerous occasions regarding the reasons for missed or late tax payments. The defendants repeatedly reassured AdminaService that everything as fine and that the company was stable, competent and able to perform its job.

43. At the time the defendants made these statements, they were false and the defendants knew they were false when made.

44. AdminaService relied on these misrepresentations to its detriment.

45. As a result of these misrepresentations, AdminaService was damaged and as its insurer USLI has been damaged in an amount of not less than $781,500.00.

## COUNT III
## NEGLIGENCE

46. USLI repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 45 of this complaint.

47. The defendants owed a duty to AdminaService to act as a reasonably prudent company that handled tax payments and calculations for its clients.

48. The defendants breached that duty by *inter alia*:

    (a) failing to make payments on time to the IRS and other governmental entities;

    (b) failing to take care to ensure that the payments made to the IRS and other governmental entities were calculated accurately;

(c) failing to follow corporate formalities and segregate operating accounts from disbursement accounts;

(d) failing to adequately capitalize Advantius; and,

(e) using funds improperly.

49. The defendants' acts and omissions caused damage to AdminaService and as its insurer USLI has been damaged in an amount of not less than $781,500.00.

## COUNT IV
## CHAPTER 93A

50. USLI repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 49 of this complaint.

51. The plaintiff is a person entitled to relief under Mass.Gen.L. ch. 93A § 11.

52. As set forth above, the defendants used or employed unfair and deceptive acts or practices in its dealings with AdminaService and as a result, AdminaService was damaged.

53. As a result of the defendants' actions, AdminaService has suffered a loss of money or property and as its insurer, USLI has been damaged.

54. The unfair or deceptive acts or practices took place primarily and substantially within the Commonwealth of Massachusetts.

55. The defendants actions were willful or intentional and the plaintiff is entitled to recover multiple damages under Chapter 93A.

WHEREFORE, the plaintiff, United States Liability Insurance Co., Inc. prays that this Court:

1. Enter judgment in its favor against the defendants with respect to Count I, in an amount to be determined at trial, plus interest, costs, multiple damages, and attorneys fees;

2. Enter judgment in its favor against the defendants with respect to Count II, in an amount to be determined at trial, plus interest, costs and attorneys fees;

3. Enter judgment in its favor against the defendants with respect to Count III, in an amount to be determined at trial, plus interest, costs and attorneys fees;

4. Enter judgment in its favor against the defendants with respect to Count IV, in an amount to be determined at trial, plus interest, costs and attorneys fees; and,

5. Any other relief this Court deems just and appropriate.

THE PLAINTIFF REQUESTS A JURY TRIAL ON ALL COUNTS SO TRIABLE.

>Respectfully Submitted,
>UNITED STATES LIABILITY
>INSURANCE CO., INC.
>By its attorneys,
>
>_____
>Michael A. Fitzhugh
>BBO No. 169700
>Ellen Rappaport Tanowitz
>BBO No. 630710
>Fitzhugh, Parker & Alvaro, LLP
>155 Federal Street
>Boston, MA 02110
>(617) 695-2330

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
United States Liability Insurance Co. Inc.

**DEFENDANTS**
Advantus, Inc., Workforce Solutions, Inc. Neal Bergstrom, Robert Stevens, Charles Cambra & Jonathan K. Driggs

(b) County of Residence of First Listed Plaintiff **Delaware County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Salt Lake County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael A. Fitzhugh
Ellen Rappaport Tanowitz
Fitzhugh, Parker & Alvaro LLP
155 Federal Street, Boston, MA 02110

Attorneys (If Known)

04 11824 PBS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Defendant made misrepresentations and converted funds from plaintiff and negligently handled business at expense of plaintiff

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 781,500.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _Ellen Rappaport T_   DOCKET NUMBER

DATE 8/17/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) United States Liabilty Ins. Co. v. Advantius, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
- [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
- [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
- [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Michael A. Fitzhugh, Ellen Rappaport Tanowitz

ADDRESS 155 Federal Street Suite 1700, Boston, MA 02110

TELEPHONE NO. (617) 695-2330

(Coversheetlocal.wpd - 10/17/02)