Neal Bergstrom (pro se)
227 E. 7845 S.
Sandy, Utah 84070
Telephone: (801) 712-8659



# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE CO., INC., AS INSURER OF ADMINASERVICE, INC.<br><br>Plaintiff,<br><br>vs.<br><br>ADVANTIUS, INC., NEAL BERGSTROM, ROBERT STEVENS, CHARLES CAMBRA, III, JONATHON K. DRIGGS, AND WORKFORCE SOLUTIONS, INC.<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>Case No. 04 11824 PBS |

Neal Bergstrom, acting pro se, respectfully submits this Memorandum in Support of Motion to Dismiss.

## ARGUMENT

This Court does not have personal jurisdiction over Bergstrom and the claims alleged against him should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). Bergstrom is a resident of the State of Utah and has been his entire life. Bergstrom has never been in the state of Massachusetts at any time, has never owned any property or assets located in the state of Massachusetts and never transacted any business in his own name in the State of Massachusetts.

From 2001 through 2003, Bergstrom was employed by Workforce Solutions and Defendant Advantius. He was first hired by Workforce Solutions in January of 2001 as a vice president of sales and marketing. He held a similar position with Advantius. Those two companies eventually split and he was retained by Advantius. At or near the time the companies split, there was a group of investors who pledged an infusion of capital into Advantius. The investors asked that in the event of that investment, Bergstrom would become CEO of Advantius. The investment was never made, the action moving Bergstrom to CEO was never taken by the Advantius Board of Directors, and Bergstrom never acted in that capacity (although the title of CEO was attributed to him prematurely for a short time, he never exercised ultimate decision making authority for the company).

During the time Bergstrom worked for Advantius, Advantius provided services for AdminaSource/AdminiaService. There was no contract for services, however, because AdminaSource/AdminiaService refused to sign a contract. The only contacts Bergstrom had with AdminaSource/AdminaService in Massachusetts were by telephone or written correspondence and were only made as an employee of Advantius. As stated, Bergstrom was never in the state of Massachusetts for any purpose. In all of Bergstrom's interactions with AdminaSource/AdminaService it was made very clear that Bergstrom had only limited authority as an employee of Advantius and that there were actions that were outside of the scope of his authority.

Because Bergstrom has never had any contacts with the state of Massachusetts in his individual capacity and because the only contacts he had with AdminaSource/AdminaService in Massachusetts (telephone and written correspondence) were performed as an employee of Advantius, this Court does not have personal jurisdiction over him.

The claims alleged against Bergstrom as an individual should further be dismissed because Plaintiffs do not allege specific facts that in any way apprise Bergstrom of the acts he personally did that form the basis of the allegations in the Complaint. There is no allegation that Bergstrom personally made any misrepresentations or wrongly converted funds to his own use. Bergstrom was paid a salary as en employee of Advantius. Bergstrom never converted any funds belonging to any client, including AdminaSource/AdminaService, for his personal use. Bergstrom has no ownership interest whatsoever in Advantius and has never had any interest in any profits from Advantius. The claims against Bergstrom should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because they fail to state a claim upon which relief can be granted.

DATED this __3__ day of November, 2004.

_____
Neal Bergstrom

## CERTIFICATE OF SERVICE

I hereby certify that on this _3_ day of November, 2004, a true and correct copy of the foregoing was mailed first class, postage prepaid, to the following:

Ellen Rappaport Tanowitz
Fitzhugh, Parker & Alvaro, LLP
155 Federal Street
Boston, MA 02110