UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE CO., INC., AS INSURER OF ADMINASERVICE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADVANTIUS, INC., NEAL BERGSTROM, ROBERT STEVENS, CHARLES CAMBRA III, JONATHAN K. DRIGGS, AND WORKFORCE SOLUTIONS, INC.,<br><br>Defendants. | Civil No. 0411824 PBS |

**MOTION TO DISMISS AND ALTERNATIVE MOTION TO TRANSFER VENUE OF DEFENDANTS CHARLES CAMBRA III, JONATHAN K. DRIGGS, AND <u>WORKFORCE SOLUTIONS, INC.</u>**

Appearing specially and without consenting to jurisdiction in this Court, defendants Workforce Solutions, Inc., ("Workforce"), Charles Cambra III, and Jonathan K. Driggs (collectively the "Workforce Defendants") hereby move this Court for an Order dismissing plaintiff's claims against the Workforce Defendants pursuant to Fed. R. Civ. P. 12(b)(2) and (6). In the alternative, the Workforce Defendants move this Court for an Order transferring venue to the District of Utah pursuant to 28 U.S.C. § 1404(a).

Dismissal is appropriate for several reasons. First, the plaintiff's claims against Cambra and Driggs should be dismissed for lack of personal jurisdiction. The claims do not arise from transactions that Cambra or Driggs were involved in within the Commonwealth, and there is no

evidence of minimum contacts with the Commonwealth or purposeful availment to the Commonwealth, its benefits or protections.  Second, the Workforce Defendants should be dismissed for failure to state a claim, because the Workforce Defendants had no involvement in the wrongdoing alleged in the complaint.  Third, the claims against Workforce should be dismissed because Workforce is not an alter ego or successor of defendant Advantius, Inc., ("Advantius"), which is the alleged wrongdoer in this action.  Fourth, the plaintiff's claims to economic losses are barred, in any event, by the economic loss rule.

Although dismissal as to all counts of the complaint is warranted, any surviving claim against one or more of the Workforce Defendants should be transferred to the District of Utah, because virtually all of the witnesses in this case are located in Utah.

This motion is supported by the accompanying memorandum of points and authorities and affidavits of Charles Cambra III and Jonathan K. Driggs.

                                      Respectfully submitted,

                                      CHARLES CAMBRA III, JONATHAN K. DRIGGS, AND WORKFORCE SOLUTIONS, INC.

                                      By their attorneys,

DATED: November 24, 2004            \s_____
                                      Edward V. Colbert, III (BBO # 566187)
                                      P. Andy Henderson, Jr. (BBO # 655891)
                                      LOONEY & GROSSMAN LLP
                                      101 Arch Street
                                      Boston, Massachusetts  02110-1112
                                      (617) 951-2800

                                Erik A. Olson
                                DURHAM JONES & PINEGAR, P.C.
                                111 East Broadway, Suite 900
                                Salt Lake City, Utah  84111
                                (801) 415-3000


## CERTIFICATION UNDER LOCAL RULE 7.1

     I, Edward V. Colbert III, hereby certify that I conferred with counsel for the plaintiff on November 23, 2004, in a good faith attempt to resolve or narrow this issue.

                                      _____\s_____
                                      Edward V. Colbert III

**CERTIFICATE OF SERVICE**

      I, Edward V. Colbert, III, hereby certify that on November 24, 2004, I served a true copy of the foregoing pleading upon all parties hereto properly addressed to:

**Ellen Rappaport Tanowitz**
**Fitzhugh, Parker & Alvaro LLP**
**155 Federal Street**
**Suite 1700**
**Boston, MA  02110-1727**

\s\
Edward V. Colbert, III