UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE CO., INC., AS INSURER OF ADMINASERVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANTIUS, INC., NEAL BERGSTROM, ROBERT STEVENS, CHARLES CAMBRA III, JONATHAN K. DRIGGS, AND WORKFORCE SOLUTIONS, INC., <br><br> Defendants. | Civil No. 0411824 PBS |

## AFFIDAVIT OF JONATHAN K. DRIGGS

STATE OF UTAH        )
                     : ss.
COUNTY OF SALT LAKE  )

Upon oath, Jonathan K. Driggs deposes and states as follows:

1. I am an adult residing in the State of Utah and a defendant in the above-captioned action. I have personal knowledge of the facts contained herein and would so testify if called upon to do so.

2. I am a member of the Utah State Bar. I currently provide legal and other consulting services to Workforce Solutions, Inc., ("Workforce"), a defendant in the above-captioned action. I reside in Pleasant Grove, Utah. Other than a brief personal vacation in or about 1987, I have never visited Massachusetts. I have never sought business from

Massachusetts, developed Massachusetts business contacts, or otherwise engaged in any business activity in Massachusetts.

3. Robert Stevens ("Stevens"), also a defendant, once served as an officer of Workforce. In or about June 2000 Stevens formed a completely separate entity, defendant Advantius, Inc., ("Advantius"), which engaged in the business of administering for its clients employee benefits and payroll. He then left Workforce along with some other former Workforce employees to run Advantius on a full-time basis. Stevens and the employees that went with him to Advantius were never rehired by Workforce.

4. The operations of Advantius were controlled primarily by Stevens, the President and Chairman of Advantius, Neal Bergstrom ("Bergstrom"), also a defendant, the Chief Executive Officer of Advantius, and others.

5. For a short time after Advantius was incorporated, I provided legal and consulting services to Advantius as an independent contractor, and received some stock in Advantius. My services primarily involved human-resource-related consulting and training for Advantius clients—unrelated to Advantius payroll services—and occasionally drafting contracts with terms that were provided to me by Stevens or Bergstrom. I was not involved in any substantive negotiation of Advantius contracts. Other than various discussions with Advantius principals during the few months after Advantius was formed, I was not involved in decision making or operations of Advantius.

6. Other than responding to two or three hours of employment-law-related inquiries, I last provided services for Advantius on February 28, 2002. I had no further

involvement in Advantius after that date, and my stock ownership in Advantius was later purchased by Stevens. I have never been an employee of Advantius.

7. Advantius began negotiating its agreement with AdminaSource in late 2001 or early 2002. Stevens and Bergstrom assigned to me the responsibility of preparing some early drafts of the agreement, using terms provided to me by Stevens and Bergstrom, who handled the contract negotiations with AdminaSource.

8. Attached hereto as an exhibit is a draft of the Advantius-AdminaSource agreement, which I prepared. Among other things, this draft agreement includes two standard, boilerplate provisions that I included in the contracts I drafted for Advantius: a Utah-based arbitration clause (§ 11.2) and Utah-based choice-of-law/consent-to-jurisdiction/forum-selection clause (§ 12.7). I have no reason to believe that these provisions were ever modified or deleted before the agreement was executed.

9. I was not involved in any substantive contract negotiations or discussions with AdminaSource, did not participate in meetings with AdminaSource, and made no representations to AdminaSource.

10. I never participated in any Advantius decision making with respect to AdminaSource. I was not involved in handling any funds for AdminaSource or AdminaSource's clients, including the funds of Sapers & Wallack Insurance Agency at issue in this case.

11. I am informed and believe that Websource HR, a Utah limited liability company, purchased various client accounts from Advantius in about September 2003.

12. I anticipate that the large majority of potential witnesses to what happened to the funds at issue in this action; who was involved with those funds; and the lack of involvement of Charles R. Cambra III, Workforce, and me reside in Utah. In addition to myself, I anticipate that these potential Utah-resident witnesses include the following individuals:

(a) <u>Charles R. Cambra III, President of Workforce</u>. Cambra will testify that he and Workforce had no involvement in the transaction at issue in this case, and that Workforce is not a successor or alter ego of Advantius.

(b) <u>Robert Stevens, President and Chairman of Advantius</u>. Stevens, who with Bergstrom was a leading player in the transaction between AdminaSource and Advantius, will testify about all aspects of the transaction.

(c) <u>Neal Bergstrom, CEO of Advantius</u>. Bergstrom is also likely to testify regarding all aspects of the transaction with AdminaSource.

(d) <u>Kevin Anderson, Controller and CFO of Advantius</u>. Anderson oversaw financial aspects of Advantius, and should testify regarding the funds allegedly converted.

(e) <u>Sean Pasinsky, CTO of Advantius</u>. Pasinsky handled IT issues for Advantius and was actively involved with day-to-day operations of the company. He is expected to have some knowledge about the fund transfers at issue in this case.

(f) <u>Duane Walker, Director of Customer Service/Implementation/Payroll Processing for Advantius</u>. Walker likely has knowledge of the AdminaSource transaction, and will have knowledge of the Workforce Defendants' lack of involvement.

(g) <u>David Lee, Director of Marketing & Development for Advantius</u>. Lee may have some knowledge of the AdminaSource transaction, and will testify regarding the Workforce Defendants' lack of involvement.

(h) <u>Susie Heard</u>. Heard was hired by the FBI to determine where Advantius's money went. She will testify regarding the Workforce Defendants' lack of involvement in the transaction, and the whereabouts of the funds allegedly converted.

(i) <u>Dan Taggart, Director of Sales for Advantius</u>. Taggart should have some knowledge of the AdminaSource transaction.

(j) <u>Sammy Woodruff, Receptionist for Advantius</u>. Woodruff will testify of the Workforce Defendants' lack of management or control at Advantius.

(k) <u>Valerie Sandquist, Advantius Clerical Staff</u>. Sandquist worked with Heard and is expected to testify regarding Advantius financial dealings.

(l) <u>Michael Jones, Advantius Clerical Staff</u>. Jones assisted Walker with client implementation. He has knowledge of the Workforce Defendants' lack of involvement.

(m) <u>Christopher Dorny, Advantius Clerical Staff</u>. Dorny assisted Anderson with accounting functions, and has knowledge of Advantius financial dealings.

(n) <u>Barry Kinzer, Advantius Manager</u>. Kinzer may have some knowledge of Advantius finances.

(o) <u>Paul Hunt, Advantius Director of Client Services</u>. Hunt has knowledge of Advantius's fund transfers for clients, and should be able to testify about this transaction.

(p) <u>Nathaniel Webb, Advantius IT Support Staff</u>. Webb may have some knowledge of Advantius financial dealings.

(q) <u>Mike Slazak, Advantius IT Support Staff</u>. Slazak may have some knowledge of Advantius financial dealings.

(r) <u>Sean McLean, Advantius Accounting Assistant</u>. McLean assisted Anderson and has knowledge of Advantius's financial dealings. He is expected to testify regarding the financial aspects of this transaction.

(s) <u>Brian Copeland, Advantius Payroll Tax Manager</u>. Copeland was responsible for filing tax returns of Advantius clients. He will testify regarding the financial aspects of this transaction.

(t) <u>David McDougal, President of WebsourceHR</u>. McDougal will testify that his company acquired Advantius's clientele in about September 2003.

Signed under pains and penalties of perjury this 23 day of November, 2004.

_____
Jonathan K. Driggs

SUBSCRIBED AND SWORN TO BEFORE ME this 23 day of November, 2004.

_____
NOTARY PUBLIC

> Notary Public
> BART T WEED
> 1111 East Brickyard Rd., Ste. 112
> Salt Lake City, UT 84106
> My Commission Expires
> November 1, 2008
> State of Utah