UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE CO., INC., AS INSURER OF ADMINASERVICE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADVANTIUS, INC., NEAL BERGSTROM, ROBERT STEVENS, CHARLES CAMBRA III, JONATHAN K. DRIGGS, AND WORKFORCE SOLUTIONS, INC.,<br><br>Defendants. | Civil No. 0411824 PBS |

### AFFIDAVIT OF CHARLES R. CAMBRA III

STATE OF UTAH            )
                         : ss.
COUNTY OF SALT LAKE      )

Upon oath, Charles R. Cambra III deposes and states as follows:

1. I am an adult residing in the State of Utah and a defendant in the above-captioned action. I have personal knowledge of the facts contained herein and would so testify if called upon to do so.

2. I am a founder and the CEO of Workforce Solutions, Inc., a defendant in the above action. I reside in Salt Lake City, Utah. I have never visited, conducted personal business in, or otherwise made any contact with the State of Massachusetts.

3. Workforce, incorporated in Delaware in 1997, provides professional employer services, including human resource and benefit consulting services to its clients. Workforce's principal place of business is in Salt Lake City, Utah.

4. Workforce has observed all corporate formalities. It conducts regular board meetings and shareholder meetings. It maintains its own accounts and financials. It files its own tax returns. It keeps its own books and other corporate records.

5. Robert Stevens ("Stevens"), also a defendant, once served as an officer of Workforce. He left Workforce along with some other former Workforce employees in or about June 2000 to form a completely separate entity, defendant Advantius, Inc., ("Advantius"), which engaged in the business of administering for its clients employee benefits and payroll. Stevens and the employees that went with him to Advantius were never rehired by Workforce.

6. On behalf of Advantius, Stevens secured loans from Workforce to capitalize Advantius. Advantius never repaid the loans.

7. The operations of Advantius were controlled primarily by Stevens, the President and Chairman of Advantius, Neal Bergstrom ("Bergstrom"), also a defendant, the Chief Executive Officer of Advantius, and others.

8. Neither Workforce nor I have ever been involved in any transaction involving AdminaSource.

9. For a few months after June 2000 when Advantius was formed, I provided some limited consulting input to Advantius, but was not remunerated for this advice. By year-end 2000, I had no involvement in Advantius. I owned some stock in Advantius for a period of

time until it was purchased by Stevens, but I never became involved in the control, decision making, or operations of Advantius.

10. I have never been an employee of Advantius.

11. I never participated in any Advantius decision making with respect to AdminaSource. I was not involved in handling any funds for AdminaSource or AdminaSource's clients, including the funds of Sapers & Wallack Insurance Agency at issue in this case.

12. Workforce has never succeeded to any rights of Advantius. Workforce has never assumed Advantius's liabilities, purchased Advantius contracts or assets, continued Advantius's business, merged with Advantius, or otherwise succeeded to any rights of Advantius. Workforce and Advantius have never commingled their accounts with each other.

13. I am informed and believe that Websource HR, a Utah limited liability company, purchased various client accounts from Advantius in about September 2003. Workforce has no affiliation whatsoever with Websource HR.

14. I anticipate that the large majority of potential witnesses to what happened to the funds at issue in this action; who was involved with those funds; and the lack of involvement of Jonathan Driggs, Workforce, and me reside in Utah. In addition to myself, I anticipate that these potential Utah-resident witnesses include the following individuals:

    (a) <u>Jonathan Driggs</u>. Driggs will testify that he had no involvement in the tortious conduct at issue in this case, having left the company before the Advantius-AdminaSource contract was finalized and the funds at issue were allegedly converted.

    (b) <u>Robert Stevens, President and Chairman of Advantius</u>. Stevens, who with Bergstrom was a leading player in the transaction between AdminaSource and Advantius, will testify about all aspects of the transaction.

(c) <u>Neal Bergstrom, CEO of Advantius</u>. Bergstrom is also likely to testify regarding all aspects of the transaction with AdminaSource.

(d) <u>Kevin Anderson, Controller and CFO of Advantius</u>. Anderson oversaw financial aspects of Advantius, and should testify regarding the funds allegedly converted.

(e) <u>Sean Pasinsky, CTO of Advantius</u>. Pasinsky handled IT issues for Advantius and was actively involved with day-to-day operations of the company. He is expected to have some knowledge about the fund transfers at issue in this case.

(f) <u>Duane Walker, Director of Customer Service/Implementation/Payroll Processing for Advantius</u>. Walker likely has knowledge of the AdminaSource transaction, and will have knowledge of the Workforce Defendants' lack of involvement.

(g) <u>David Lee, Director of Marketing & Development for Advantius</u>. Lee may have some knowledge of the AdminaSource transaction, and will testify regarding the Workforce Defendants' lack of involvement.

(h) <u>Susie Heard</u>. Heard was hired by the FBI to determine where Advantius's money went. She will testify regarding the Workforce Defendants' lack of involvement in the transaction, and the whereabouts of the funds allegedly converted.

(i) <u>Dan Taggart, Director of Sales for Advantius</u>. Taggart should have some knowledge of the AdminaSource transaction.

(j) <u>Sammy Woodruff, Receptionist for Advantius</u>. Woodruff will testify of the Workforce Defendants' lack of management or control at Advantius.

(k) <u>Valerie Sandquist, Advantius Clerical Staff</u>. Sandquist worked with Heard and is expected to testify regarding Advantius financial dealings.

(l) <u>Michael Jones, Advantius Clerical Staff</u>. Jones assisted Walker with client implementation. He has knowledge of the Workforce Defendants' lack of involvement.

(m) <u>Christopher Dorny, Advantius Clerical Staff</u>. Dorny assisted Anderson with accounting functions, and has knowledge of Advantius financial dealings.

(n) <u>Barry Kinzer, Advantius Manager</u>. Kinzer may have some knowledge of Advantius finances.

(o) <u>Paul Hunt, Advantius Director of Client Services</u>. Hunt has knowledge of Advantius's fund transfers for clients, and should be able to testify about this transaction.

(p)     <u>Nathaniel Webb, Advantius IT Support Staff</u>. Webb may have some knowledge of Advantius financial dealings.

(q)     <u>Mike Slazak, Advantius IT Support Staff</u>. Slazak may have some knowledge of Advantius financial dealings.

(r)     <u>Sean McLean, Advantius Accounting Assistant</u>. McLean assisted Anderson and has knowledge of Advantius's financial dealings. He is expected to testify regarding the financial aspects of this transaction.

(s)     <u>Brian Copeland, Advantius Payroll Tax Manager</u>. Copeland was responsible for filing tax returns of Advantius clients. He will testify regarding the financial aspects of this transaction.

(t)     <u>David McDougal, President of WebsourceHR</u>. McDougal will testify that his company acquired Advantius's clientele in about September 2003.

Signed under pains and penalties of perjury this 23rd day of November, 2004.

_____
Charles R. Cambra III

SUBSCRIBED AND SWORN TO BEFORE ME this 23RD day of November, 2004.

_____
NOTARY PUBLIC



Notary Public
BART T WEED
1111 East Brickyard Rd., Ste. 112
Salt Lake City, UT 84106
My Commission Expires
November 1, 2008
State of Utah

5