03 JUL 14 PM...

JAMES T. BLANCH (6494)
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, UT 84145-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
Attorneys for Plaintiff

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MYFAMILY.COM, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>ADVANTIUS, INC., a Utah corporation,<br>NEAL BERGSTROM, an individual,<br>ROBERT J. STEVENS, an individual, and<br>KEVIN ANDERSON, an individual,<br><br>    Defendants. | **COMPLAINT**<br><br>Case No. 030915616<br><br>Judge Dever |

Plaintiff MyFamily.com Inc., in support of its claims against the above Defendants, complains and alleges as follows:

### PARTIES

1.   Plaintiff MyFamily.com, Inc. ("MyFamily.com") is a Utah corporation offering subscription services through a network of Internet properties that allow customers to research ancestry and establish family Web sites. Its principal place of business is in Provo, Utah.

540740.2

2.  Defendant Advantius, Inc. ("Advantius") is a Utah corporation that offers human resources-related administrative services to employers. Its principal place of business is in Salt Lake County, State of Utah.

3.  Defendant Neal Bergstrom ("Bergstrom") is Chief Executive Officer of Advantius and is a resident of Salt Lake County, State of Utah.

4.  Defendant Robert J. Stevens ("Stevens") is Chairman and primary owner of Advantius and is a resident of Salt Lake County, State of Utah.

5.  Defendant Kevin Anderson ("Anderson") is Chief Financial Officer of Advantius and is, on information and belief, a resident of Salt Lake County, State of Utah.

## JURISDICTION AND VENUE

6.  This Court has personal jurisdiction over Defendant Advantius because it is a Utah corporation and therefore a resident of the State of Utah.

7.  This Court has personal jurisdiction over Defendants Bergstrom, Stevens, and Anderson because they are residents of the State of Utah.

8.  This Court has jurisdiction over the subject matter of this action pursuant to Utah Code Ann. § 78-3-4(1) (2002).

9.  Venue is proper in this Court pursuant to Utah Code Ann. § 78-13-7 because (1) Advantius has its principal place of business in Salt Lake County, and (2) Defendants Bergstrom, Stevens, and Anderson are residents of Salt Lake County

## GENERAL ALLEGATIONS

10. In November 2002, MyFamily.com and Advantius entered into an Administrative Services Agreement (the "Agreement") to be effective January 1, 2003.

11. Among other things, the Agreement obligated Advantius to provide bi-weekly payroll processing services to MyFamily.com.

12. As part of the payroll processing services, Advantius promised to provide a "Payroll Tax Filing Service" that required it to withhold sums from the paychecks of MyFamily.com's employees and, using those sums, "[f]ile and deposit all federal, state, and local tax liabilities."

13. Advantius processed MyFamily.com's payroll between January 1, 2003, and approximately the first few weeks of June 2003. Eleven payroll periods were processed by Advantius, which had electronic access to payroll funds in a bank account owned and maintained by MyFamily.com.

14. During this period, January 1, 2003, through approximately the first few weeks of June 2003, Advantius failed to "file and deposit" taxes withheld from MyFamily.com employee paychecks with applicable taxing authorities, as required by the contract. Those taxing authorities include, but are not limited to, the United States Internal Revenue Service ("IRS").

15. Instead of depositing the withheld funds with the taxing authorities, Defendants diverted the funds to Advantius and used the diverted funds for the operation of Advantius. The withheld funds that Defendants diverted and used in this manner total not less than $2,156,000, the exact amount to be proven at trial.

16. Because the IRS has not received any of the money that Advantius withheld from the paychecks of MyFamily.com employees and diverted to its own use, the IRS is now looking to MyFamily.com for payment of these funds, which total not less than $2,156,000. The IRS may also claim interest and/or penalties from MyFamily.com relating to these funds.

17. By routinely diverting and using funds withheld from employee paychecks between January and June, 2003, Advantius has damaged MyFamily.com in an amount not less than the amount MyFamily.com is required to remit to the IRS and/or any other taxing authorities. This amount totals not less than $2,156,000 in diverted funds, the exact amount to be proven at trial, plus any and all interest and penalties that MyFamily.com is required to pay in connection with these tax liabilities.

## FIRST CLAIM FOR RELIEF

(Conversion)

18. MyFamily.com incorporates by reference the allegations set forth in the previous paragraphs of this Complaint.

19. During the eleven pay periods in which Defendants provided payroll processing services for MyFamily.com, Defendants failed to file and deposit taxes owed to taxing authorities. Rather than fulfill its obligations in this regard, Defendants diverted the funds withheld from the paychecks of MyFamily.com's employees and used the money to operate Advantius.

20. Because the IRS has not received any of the money that Advantius withheld from MyFamily.com employee paychecks and diverted to its own use, the IRS is requiring

MyFamily.com to pay back the diverted funds, which total not less than $2,156,000, the exact amount to be proven at trial. The IRS may also require MyFamily.com to pay interest and/or penalties relating to these funds.

21. By engaging in this pattern, Defendants intentionally and wrongfully converted funds to which they were not entitled. Furthermore, because MyFamily.com is required to pay back the IRS, Defendants have deprived MyFamily.com of funds to which it is entitled.

22. Defendants' repeated conversion of funds belonging to taxing authorities and MyFamily.com, as alleged above, was done without lawful justification.

23. By repeatedly and wrongfully converting funds owed to the IRS and/or other taxing authorities, which MyFamily.com is now required to remit to the IRS and/or other taxing authorities, Defendants have deprived MyFamily.com of use and possession of not less than $2,156,000, thus damaging MyFamily.com.

24. MyFamily.com is entitled to an award of money damages against Defendants in an amount sufficient to place it in the financial position it would have occupied if Defendants had not wrongfully converted any of the funds.

25. Because of the pervasiveness of Defendants' conduct, MyFamily.com alleges that Defendants' conversion of funds was willful and malicious, or at a minimum demonstrated a knowing and reckless indifference toward the rights of MyFamily.com, thus justifying an award of punitive damages pursuant to Utah Code Ann. § 78-18-1 (2002) in the amount of not less than $1,000,000 against each of the Defendants.

WHEREFORE, MyFamily.com prays for judgment in its favor and against Defendants as set forth below.

## SECOND CLAIM FOR RELIEF

(Fraud)

26. MyFamily.com incorporates by reference the allegations set forth in the previous paragraphs of this Complaint.

27. During the parties' contractual relationship, which existed from January 1, 2003, through approximately the first few weeks of June 2003, Advantius provided MyFamily.com with payroll processing services for eleven bi-weekly pay periods. During each of these periods, Advantius failed to file and deliver to the IRS and/or other taxing authorities taxes withheld from the paychecks of MyFamily.com's employees.

28. Instead of sending the withheld funds to the proper taxing authorities, including but not limited to the IRS, Defendants used the funds to operate Advantius. The funds diverted during this period total not less than $2,156,000, the exact amount to be proven at trial. These facts and circumstances are described with specificity in paragraphs 10-17 above.

29. While diverting the funds, Defendants explicitly and implicitly represented to MyFamily.com that Advantius was properly forwarding withheld funds to taxing authorities, as contemplated by the Agreement. By so doing, Defendants made false and misleading representations with regard to a material fact, or at very least, made representations with reckless disregard for the truth of a material fact.

540740.2

6

30. Defendants intended that MyFamily.com would rely on Defendants' false representations that the withheld funds were properly being sent to the taxing authorities, because it was necessary for MyFamily.com to remain ignorant of Defendants' activities in order for those activities to continue over eleven pay periods.

31. Plaintiff MyFamily.com reasonably relied on Defendants' false and misleading representations by continuing to allow Advantius to provide payroll processing services for eleven pay periods.

32. Because MyFamily.com is required to pay back the IRS and/or other taxing authorities for the wrongfully diverted funds, totaling not less than $2,156,000, and may be required to pay related interest and penalties as well, MyFamily.com has suffered damages as a direct and proximate result of relying on Defendants' false and misleading representations.

33. Defendants' conduct alleged herein constituted intentionally fraudulent behavior, or at a minimum demonstrated a knowing and reckless indifference toward the rights of MyFamily.com, thus justifying an award of punitive damages pursuant to Utah Code Ann. § 78-18-1 (2002) in the amount of not less than $1,000,000 against each of the Defendants.

WHEREFORE, MyFamily.com prays for judgment in its favor and against Defendants as set forth below.

### THIRD CLAIM FOR RELIEF

(Unjust Enrichment)

34. MyFamily.com incorporates by reference the allegations set forth in the previous paragraphs of this Complaint.

35. Throughout the parties' contractual relationship, Advantius enriched itself at the expense of taxing authorities by failing properly to file and deposit taxes that should have been remitted to the IRS and/or other taxing authorities. Rather than sending these withheld funds to the taxing authorities, Defendants used them to operate Advantius. The IRS is now requiring MyFamily.com to repay the funds diverted by Advantius.

36. In light of the circumstances surrounding Defendants' improper activities, it would be unjust and inequitable to permit Defendants to retain the economic benefit of the diverted funds.

37. To prevent such unjust enrichment, MyFamily.com is entitled to an order directing Defendants to disgorge to MyFamily.com any and all monies with which they were unjustly enriched, which funds total not less than $2,156,000, the exact amount to be established at trial.

WHEREFORE, MyFamily.com prays for judgment in its favor and against Defendants as set forth below.

## FOURTH CLAIM FOR RELIEF

(Breach of Contract)

38. MyFamily.com incorporates by reference the allegations set forth in the previous paragraphs of this Complaint.

39. The November 2002 Agreement and its appendices comprise a valid and binding contract between MyFamily.com and Advantius.

40. MyFamily.com has faithfully performed its obligations under the parties' Agreement.

41. Advantius breached its obligations by failing to "[f]ile and deposit all federal, state, and local tax liabilities" as required by the Agreement and its appendices. Instead of filing and depositing the withheld taxes owed to taxing authorities, Defendants diverted the funds and used them to operate Advantius. Advantius therefore breached its Agreement with MyFamily.com.

42. As a direct and proximate result of Advantius' breach of the Agreement, MyFamily.com has been damaged in the amount of all payments and other consideration it has remitted to Advantius pursuant to the Agreement.

43. It was foreseeable to Defendants that MyFamily.com would suffer consequential damages as a direct and proximate result of Advantius' breach of the Agreement in the form of payments for delinquent tax liabilities to the IRS and/or other taxing authorities, plus interest and penalties. The amount of recoverable consequential damages suffered by MyFamily.com is not less than $2,156,000 in unpaid taxes that MyFamily.com is required to remit to the IRS, plus interest and penalties, the exact amount to be established at trial.

WHEREFORE, MyFamily.com prays for judgment in its favor and against Advantius as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, MyFamily.com prays for judgment in its favor and against Defendants as follows:

a. On the FIRST CLAIM FOR RELIEF, for a monetary award against all Defendants in an amount sufficient to compensate MyFamily.com for all damages it has suffered as a result of Defendants' conversion of funds belonging to MyFamily.com, including but not limited to any and all amounts MyFamily.com is required to remit to the IRS as back taxes, interest, or penalties as a result of Defendants' conversion, plus an award of punitive damages against Defendants;

b. On the SECOND CLAIM FOR RELIEF, for a monetary award against all Defendants in an amount sufficient to compensate MyFamily.com for all damages it has suffered as a result of Defendants' fraudulent conduct, including but not limited to any and all amounts MyFamily.com is required to remit to the IRS as back taxes, interest, or penalties as a result of Defendants' fraudulent conduct, plus an award of punitive damages against Defendants;

c. On the THIRD CLAIM FOR RELIEF, for an equitable order directing all Defendants to disgorge to MyFamily.com all funds with which they were unjustly enriched, including but not limited those funds that should have been remitted to the IRS and/or other taxing authorities;

d. On the FOURTH CLAIM FOR RELIEF, for a monetary award against Advantius sufficient to compensate MyFamily.com for its contract damages and foreseeable consequential damages as a result of Advantius' breach of the Agreement between the parties, including but not limited to the amounts MyFamily.com has paid to Advantius under the Agreement, plus all amounts MyFamily.com is required to remit to the IRS and/or other taxing authorities as the

direct and proximate result of Advantius' breach of contract, including but not limited to back taxes, interest, and penalties;

    e. For an award of costs and attorneys' fees as provided for in section 10.8 of the Agreement;

    f. For pre- and post-judgment interest to the extent permitted by law; and

    g. For such other and further relief as the Court deems just and equitable.

DATED this 14th day of July, 2003.

JAMES L. BLANCH
PARSONS BEHLE & LATIMER
Attorneys For Plaintiff

Plaintiff's address:

360 W. 4800 N.
Provo, UT 84604