## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES LIABILITY INSURANCE CO., INC., AS INSURER OF ADMINASERVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANTIUS, INC., NEAL BERGSTROM, ROBERT STEVENS, CHARLES CAMBRA III, JONATHAN K. DRIGGS, AND WORKFORCE SOLUTIONS, INC., <br><br> Defendants. | Civil No. 0411824 PBS |

### SECOND AFFIDAVIT OF CHARLES R. CAMBRA III

STATE OF UTAH                   )
                                : ss.
COUNTY OF SALT LAKE             )

Upon oath, Charles R. Cambra III deposes and states as follows:

1.    I am an adult residing in the State of Utah and a defendant in the above-captioned action.  I have personal knowledge of the facts contained herein and would so testify if called upon to do so.

2.    The nature of business conducted by Workforce and Advantius has always been completely different.  Workforce provides professional employer services, including human resource and benefit consulting services to its clients.  This primarily involves the leasing of employees, which requires Workforce to maintain a license from the State of Utah.  Advantius,

in contrast, engaged in the business of administering for its clients employee benefits and payroll, and did not enter into employee leasing arrangements with its clients. Unlike Workforce, Advantius's business requires no licensing from the State of Utah.

3.    From June 2000 to January 2002, Advantius shared office space with Workforce in Suite 109 of 1111 East Brickyard Road in Salt Lake City, Utah. However, in or about April 2002, Advantius relocated to a second-floor suite of the building, signing its own lease for that space. During the relevant time period alleged in the Complaint, Workforce occupied an office separate from Advantius, was not a party to Advantius's lease, and was not a tenant of Advantius's second-floor space.

4.    During the time that Advantius and Workforce shared office space, Advantius utilized Workforce's e-mail server. I was unaware until I received the Jeff Garr affidavit that some e-mail accounts of former Workforce employees had not been terminated when Advantius relocated in January 2002.

5.    In or about March 2002, Advantius replaced me as an officer of Advantius. I was not an officer or director of Advantius during the time period alleged in the Complaint.

6.    Workforce and Advantius have never intermingled their corporate books, finances, or other business records.

7.    Neither Workforce nor I received any of the allegedly converted funds at issue in this case. We have never received any funds from AdminaSource, AdminaService, or Sapers & Wallack insurance agency, whether from those entities or from Advantius indirectly.

2

8.      Workforce has never corresponded for any purpose with AdminaSource, AdminaService, or Sapers & Wallack.  Each individual referred to in Jeffrey Garr's affidavit as having corresponded with AdminaSource, AdminaService, or Sapers & Wallack was an Advantius—not Workforce—employee at the time of the alleged correspondence occurred.

9.      I have never at any time met Jeffrey Garr, the CEO of AdminaService.

10.      During the relevant time period alleged in the Complaint, the potential witnesses I listed in paragraph 14 of my previous affidavit were not employees of Workforce.

Signed under pains and penalties of perjury this 13th. day of January, 2005.

_____
Charles R. Cambra III

SUBSCRIBED AND SWORN TO BEFORE ME this 13th day of January, 2005.

_____
NOTARY PUBLIC

SUSAN H. WATSON
Notary Public
State of Utah
My Commission Expires Oct. 21, 2005
2299 Highland Dr., SLC, UT 84106

3