## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE CO., INC., AS INSURER OF ADMINASERVICE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADVANTIUS, INC., NEAL BERGSTROM, ROBERT STEVENS, CHARLES CAMBRA III, JONATHAN K. DRIGGS, AND WORKFORCE SOLUTIONS, INC.,<br><br>Defendants. | Civil No. 0411824 PBS |

### ANSWER OF DEFENDANT WORKFORCE SOLUTIONS, INC.

Defendant Workforce Solutions, Inc., ("Workforce"), appearing specially and without waiving its objections to the Court's ability to exercise personal jurisdiction over it, or to this Court having proper venue[1], states as follows in response to each paragraph of the complaint:

1.   Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one.

2.   Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two.

3.   Workforce admits the allegations contained in paragraph three.

4.   Workforce admits the allegations contained in paragraph four.

5.   Workforce admits that Charles Cambra III is a resident of the State of Utah. Workforce denies the remaining allegations contained in paragraph five.

---

[1] On February 10, 2005, this Court dismissed the defendants Charles Cambra III and Jonathan Driggs, and allowed Workforce to renew its motion for dismiss for lack of personal jurisdiction, or in the alternative to transfer venue to the State of Utah (where has its principal place of business) after document production and a Rule 30(b)(6) deposition of Workforce.

6. Workforce admits that Jonathan Driggs is a resident of Pleasant Grove, Utah. Workforce denies the remaining allegations contained in paragraph six.

7. Workforce admits the allegations contained in paragraph seven.

8. Workforce states that the allegations contained in paragraph eight are comprised of conclusions of law to which no response is required. To the extent a response is required, Workforce denies that this Court has jurisdiction over Workforce, Charles Cambra III or Jonathan Driggs.

9. Workforce states that the allegations contained in paragraph nine are comprised of conclusions of law to which no response is required. To the extent a response is required, Workforce denies that this Court may exercise jurisdiction over Workforce, Charles Cambra III or Jonathan Driggs.

10. Workforce is without knowledge or information sufficient to form a belief as to the allegation contained in paragraph ten that Advantius promoted itself as a company that provided human resource outsourcing services to other companies. Workforce admits the allegations that a company could hire Advantius to handle its payroll, employment taxes, and administrative needs, and that Advantius purchased a license to the software needed to calculate payroll taxes. Workforce is without knowledge or information sufficient to form a belief as to the allegation that Advantius then licensed use of the software to other companies.

11. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven.

12. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve.

13. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen.

14. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen.

15. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen.

16. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixteen.

17. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventeen.

18. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eighteen.

19. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nineteen.

20. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty.

21. Workforce denies the allegations contained in paragraph twenty-one to the extent they refer to Charles Cambra III and Jonathan Driggs.

22. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-two.

23. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-three.

24. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-four.

25. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-five.

26. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-six.

27. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-seven.

28. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-eight.

29. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-nine.

30. Workforce denies the allegations contained in paragraph thirty.

31. Workforce denies the allegations contained in paragraph thirty-one.

32. Workforce denies the allegations contained in paragraph thirty-two.

## COUNT I
## CONVERSION

33. Workforce repeats each of its responses to paragraphs one through thirty-two of the complaint as though fully set forth herein.

34. To the extent the allegations contained in paragraph thirty-four refer to Workforce, Charles Cambra III and/or Jonathan Driggs, Workforce denies the allegations.

35. To the extent the allegations contained in paragraph thirty-five refer to Workforce, Charles Cambra III and/or Jonathan Driggs, Workforce denies the allegations.

36. To the extent the allegations contained in paragraph thirty-six refer to Workforce, Charles Cambra III and/or Jonathan Driggs, Workforce denies the allegations.

## COUNT II
## FRAUD

37. Workforce repeats each of its responses to paragraphs one through thirty-six of the complaint as though fully set forth herein.

38. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-eight.

39. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-nine.

40. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty.

41. To the extent the allegations contained in paragraph forty-one refer to Workforce, Charles Cambra III and/or Jonathan Driggs, Workforce denies the allegations.

42. To the extent the allegations contained in paragraph forty-two refer to Workforce, Charles Cambra III and/or Jonathan Driggs, Workforce denies the allegations.

43. To the extent the allegations contained in paragraph forty-three refer to Workforce, Charles Cambra III and/or Jonathan Driggs, Workforce denies the allegations.

44. To the extent the allegations contained in paragraph forty-four refer to Workforce, Charles Cambra III and/or Jonathan Driggs, Workforce denies the allegations.

45. To the extent the allegations contained in paragraph forty-five refer to Workforce, Charles Cambra III and/or Jonathan Driggs, Workforce denies the allegations.

**COUNT III**
**NEGLIGENCE**

46. Workforce repeats each of its responses to paragraphs one through forty-five of the complaint as though fully set forth herein.

47. To the extent the allegations contained in paragraph forty-seven refer to Workforce, Charles Cambra III and/or Jonathan Driggs, Workforce denies the allegations.

48. To the extent the allegations contained in paragraph forty-eight refer to Workforce, Charles Cambra III and/or Jonathan Driggs, Workforce denies the allegations.

49. To the extent the allegations contained in paragraph forty-nine refer to Workforce, Charles Cambra III and/or Jonathan Driggs, Workforce denies the allegations.

## COUNT IV
## CHAPTER 93A

50. Workforce repeats each of its responses to paragraphs one through forty-nine of the complaint as though fully set forth herein.

51. Workforce is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-one.

52. To the extent the allegations contained in paragraph fifty-two refer to Workforce, Charles Cambra III and/or Jonathan Driggs, Workforce denies the allegations.

53. To the extent the allegations contained in paragraph fifty-three refer to Workforce, Charles Cambra III and/or Jonathan Driggs, Workforce denies the allegations.

54. To the extent the allegations contained in paragraph fifty-four refer to Workforce, Charles Cambra III and/or Jonathan Driggs, Workforce denies the allegations.

55. To the extent the allegations contained in paragraph fifty-five refer to Workforce, Charles Cambra III and/or Jonathan Driggs, Workforce denies the allegations.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The complaint fails to state a claim against Workforce upon which relief can be granted and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND SEPARATE DEFENSE

The complaint should be dismissed because this Court lacks personal jurisdiction over Workforce.

### THIRD SEPARATE DEFENSE

The complaint should be dismissed as against Workforce due to improper venue.

**FOURTH SEPARATE DEFENSE**

The complaint should be dismissed as against Workforce under the doctrine of forum non conveniens.

**FIFTH SEPARATE DEFENSE**

The complaint should be dismissed as against Workforce because it is not an alter ego or successor of Advantius, Inc., the alleged wrongdoer and only real party defendant.

**SIXTH SEPARATE DEFENSE**

The complaint should be dismissed as against Workforce because it is barred by the economic loss rule.

**SEVENTH SEPARATE DEFENSE**

Count II of the Complaint alleging fraud should be dismissed due to plaintiff's failure to plead the claim with particularity.  Fed. R. Civ. P. 9(b).

WHEREFORE, the defendant Workforce respectfully requests that the Complaint be dismissed with prejudice as to Workforce.

**JURY DEMAND**

Workforce demands a trial by jury on all claims so triable.

                Respectfully submitted,

                CHARLES CAMBRA III, JONATHAN K. DRIGGS, AND WORKFORCE SOLUTIONS, INC.

                By their attorneys,

Dated: March 23, 2005         __/s/ Edward V. Colbert III_____
                Edward V. Colbert, III (BBO # 566187)
                P. Andy Henderson, Jr. (BBO # 655891)
                LOONEY & GROSSMAN LLP
                101 Arch Street
                Boston, Massachusetts 02110-1112
                (617) 951-2800

          - and -

Erik A. Olson
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
Salt Lake City, Utah 84111
(801) 415-3000

## CERTIFICATE OF SERVICE

    I, Edward V. Colbert III, hereby certify that on March 23, 2005, I served a true copy of the foregoing pleading upon all parties hereto properly addressed to:

**Susan Morrison, Esq.**
**Fitzhugh, Parker & Alvaro LLP**
**155 Federal Street**
**Suite 1700**
**Boston, MA  02110-1727**

  __/s/ Edward V. Colbert III_____
Edward V. Colbert III